J-S17008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON JALON MAZE | |
| Appellant | No. 1549 MDA 2020 |

Appeal from the PCRA Order Entered November 17, 2020
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0000342-2017

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 9, 2021**

Appellant, Brandon Jalon Maze, appeals *pro se* from the November 17, 2020 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

At the conclusion of trial on June 22, 2018, the jury found Appellant guilty of aggravated assault and conspiracy to commit first-degree murder.[1] Appellant waived his right to counsel and represented himself at trial but requested and received appointed counsel prior to sentencing.  On October 24, 2018, the trial court imposed 10 to 20 years for the murder conspiracy

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2702(a)(1), 903, and 2502(a).  The Commonwealth's evidence was that Appellant and others conspired to commit murder as revenge for a stabbing of Appellant's uncle. They acquired firearms, located the intended victims, and that Appellant fired and missed.

followed by 7½ to 10 years for aggravated assault for an aggregate 17½ to 40 years of incarceration. On January 2, 2019, the trial court denied Appellant's timely post-sentence motions. On November 7, 2019, this Court affirmed the judgment of sentence.

On April 2, 2020, Appellant filed a timely first PCRA petition. Appointed counsel reviewed the matter and filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988 (*en banc*). On August 10, 2020, the PCRA court entered an order permitting counsel to withdraw and notifying Appellant of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. At Appellant's request, the PCRA court extended the deadline for Appellant's response to October 29, 2020. Appellant filed his response to the Rule 907 notice on November 12, 2020, and filed a motion for leave to amend his PCRA petition on November 16, 2020. The PCRA court denied leave to amend and dismissed the petition on November 17, 2020.

Appellant filed this timely *pro se* appeal on December 16, 2020. The next day, the PCRA court entered an order under Pa.R.A.P. 1925, directing Appellant to file a concise statement under Pa.R.A.P. 1925(b) within 21 days. The docket reflects that Appellant filed his concise statement out of time, on January 20, 2021. Appellant also failed to serve his concise statement on the PCRA court, in compliance with Pa.R.A.P. 1925(b)(1). Appellant claims he complied with Rule 1925, and that his *pro se* filing was mishandled by the

court. Assuming without deciding that this claim is true, Appellant cannot obtain appellate relief because his assertions of error, which follow, lack merit:

1. Was the post-trial counsel ineffective for failing to raise during post-trial proceedings and on direct appeal that [Appellant's] waiver of trial counsel was defective violating the 6th Amendment right to counsel?

2. Was PCRA counsel ineffective by failing to amend the initial *pro se* petition and properly arguing post-trial counsel's ineffectiveness?

3. Did the PCRA court abuse its discretion by not granting leave to amend the initial PCRA?

Appellant's *Pro Se* Brief at 2.

We must determine whether the trial court committed an error of law and/or whether the record supports the PCRA court's findings of fact. *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014). We review the PCRA court's legal conclusions *de novo*. *Id.* Where the record supports the PCRA court's findings of fact, they are binding on this Court. *Id.* To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove by a preponderance of the evidence each of the following: (1) that the underlying issue is of arguable merit; (2) that counsel had no strategic basis in support of the disputed action or inaction; and (3) that counsel's error was prejudicial, *i.e.*, that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). "[A] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be

concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.* at 312. For purposes of prejudice, "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Id.* The PCRA court may dismiss a petition without a hearing when it is satisfied that there is no genuine issue concerning any material fact and that further proceedings would serve no purpose. Pa.R.Crim.P. 907(1).

First, Appellant argues that appointed post-trial/appellate counsel was ineffective for failing to challenge the validity of Appellant's waiver of trial counsel. The substance of Appellant's argument, however, does not pertain to his waiver-of-counsel colloquy. Rather, it pertains to a jury instruction Appellant requested during points for charge. At the beginning of trial, Appellant was charged with conspiracy to commit murder and attempted murder, both inchoate crimes. The Pennsylvania Crimes Code prohibits conviction of more than one inchoate offense (attempt, conspiracy, or solicitation) for the same crime. 18 Pa.C.S.A. § 906; *Commonwealth v. King*, 234 A.3d 539 (Pa. 2020); *Commonwealth v. Rosario*, 248 A.3d 599 (Pa. Super. 2021). Therefore, as charged, Appellant could not have been exposed to consecutive sentences because he could only have been convicted of one of the charged offenses.

Nonetheless, during the colloquy on points for charge Appellant asked the trial court to instruct the jury on aggravated assault as a lesser included

offense of attempted murder.  Appellant references the following portion of the transcript:

> DEFENDANT MAZE:  Your Honor, 9, 10, and 11 they're basically –
>
> THE COURT:  You're not charged with aggravated assault.
>
> DEFENDANT MAZE:  I understand that but from my understanding of me studying and everything I felt as though they are lesser charges, and I didn't know if I was acquitted if I could still be charged with lesser charges.
>
> THE COURT:  Here's the way this works.  Mr. Faust and [standby counsel], feel free to jump in if you object to my definition of how the law works.  You are permitted to ask this Court to instruct on lesser included if the evidence supports it, and we would certainly find it would support an aggravated assault charge […], but what you need to understand about that is if you request that and I instruct the jury on that, then they have that option to return that verdict, so if you don't request it and the Commonwealth doesn't request it, then the only option they have is attempted murder.  They can't go out and create a lesser included unless I instruct them that they can consider that, so it's really up to you as a matter of strategy whether you want me to advise the jury that they have the option to consider aggravated assault[.]

N.T. Trial, 6/21/18 at 201-202.

In asking for the aggravated assault instruction, Appellant created the possibility that the jury could convict on conspiracy, acquit on attempted murder, and convict on aggravated assault.  That is what occurred, and the trial court imposed 10 to 20 years of incarceration for conspiracy to commit murder and a consecutive 7½ to 20 years for aggravated assault—a much longer aggregate sentence than would have been possible had Appellant not

requested the aggravated assault charge and still have been acquitted on the attempted murder charge.[2]

Rule 121 of the Pennsylvania Rules of Criminal Procedure requires the trial court to inform the defendant of the potential punishments for the charged offenses during the waiver-of-counsel colloquy. Pa.R.Crim.P. 121(A)(2)(c). We observe that the certified record contains a written document, signed by Appellant and counsel for the Commonwealth, reflecting Appellant's waiver of counsel pursuant to Pa.R.Crim.P. 121. Waiver of Counsel Pursuant to Pa.R.Crim.P. 121, 2/23/18. Appellant indicated orally that he understood the permissible range of sentences, but the record does not reflect that the trial court informed him of those. N.T. Hearing, 2/23/18, at 15.[3] In **Commonwealth v. Pou**, 201 A.3d 735, 738 (Pa. Super. 2018), **appeal denied** 208 A.3d 458 (Pa. 2019), a panel of this Court remanded for a hearing on a PCRA petition where the trial court failed to inform the defendant of the specific statutory maximum sentences for the charged offenses and direct

---

[2] The legality of the sentence was not addressed on direct appeal or in this collateral proceeding. We observe that conspiracy (agreement and overt act in furtherance thereof, per § 903) and aggravated assault (attempt to inflict or infliction of serious bodily injury per § 2702(a)(1)) contain distinct elements. Offenses merge under 42 Pa.C.S.A. § 9765 where the offenses arise from a single act and all the statutory elements of the lesser offense are included in the greater. 42 Pa.C.S.A. § 9765. A defendant can be sentenced for aggravated assault and the inchoate crime of conspiracy. **Commonwealth v. Fuller**, 579 A.2d 879, 887 (Pa. Super. 1990).

[3] The transcript of the February 23, 2018 hearing appears at Docket Number 117, along with Appellant's *pro se* PCRA petition.

appeal counsel failed to raise the issue. In **Commonwealth v. Isaac**, 205 A.3d 358 (Pa. Super. 2019), after a remand under circumstances like **Pou**, this Court held that errors in the application of Rule 121 do not constitute structural, constitutional errors for which prejudice can be presumed for purposes of collateral claims of ineffective assistance of counsel.

Appellant's argument does not implicate the trial court's compliance, or lack thereof, with Rule 121, as Appellant was not charged with aggravated assault as of the time of his pre-trial waiver-of-counsel colloquy. Rule 121 does not govern review of points for charge which occurs during trial, and Appellant cites no other law requiring the trial court to advise a *pro se* defendant of the ramifications of a requested jury instruction during a waiver of counsel colloquy. Assuming *arguendo* that the trial court's waiver-of-counsel colloquy was deficient, a deficient colloquy is not presumptively prejudicial under **Isaac**. And because Appellant's *pro se* Brief to this Court addresses the trial court's handling of the points for charge rather than the waiver-of-counsel colloquy, we discern no basis for a remand under **Pou** and **Isaac**.

Next, we observe that Appellant's argument relates to an instruction the trial court gave at Appellant's request and without any subsequent objection from Appellant. Rule 647(B) required Appellant to object to the charge before the jury retired to deliberate, and he did not. Pa.R.Crim.P. 647(b); **Commonwealth v. Pressley**, 887 A.2d 220, 223 (Pa. 2005). Appellant

acknowledged in his written and oral waiver of counsel colloquies that he could permanently lose the right to challenges any errors to which he did not lodge a timely objection. Waiver of Counsel Pursuant to Pa.R.Crim.P. 121, 2/23/18, at ¶ 7; N.T. Hearing, 2/23/18, at 15.

An apparent strategic blunder, such as that at issue here, is a risk a defendant undertakes when choosing to exercise the constitutional right to self-representation. On collateral review, Appellant cannot hold direct appellate counsel accountable for mistakes Appellant made acting *pro se* during trial. **Commonwealth v. Blakeney**, 108 A.3d 739, 749 (Pa. 2014), **cert. denied**, 576 U.S. 1009, (2015) (holding that "on collateral attack, Appellant is generally limited to faulting appellate counsel for failing to raise otherwise preserved claims of trial court error or failing to properly litigate those claims that counsel actually raised on appeal.").[4]

---

[4] The trial court relied heavily on **Blakeney** in support of its order. The trial court reads the Supreme Court's *per curiam* opinion in that case as foreclosing any collateral challenge to appellate counsel's failure to challenge a deficient waiver-of-counsel colloquy. We find **Blakeney** distinguishable from the instant matter as the **Blakeney** Court acknowledged that it reviewed the waiver colloquy on direct appeal and found no deficiency. **Blakeney**, 108 A.3d at 748. Moreover, in **Commonwealth v. Davido**, 868 A.2d 431, 437 (Pa. 2005), our Supreme Court held that the trial court bears the responsibility for ensuring a valid waiver of counsel under Rule 121. Thus, the claim of a deficient waiver was reviewable on direct appeal and did not need to await collateral review of counsel's performance prior to the order permitting his withdrawal. **Id.** And, as we explained in the main text, **Pou** and **Isaac** both reviewed a claim of appellate counsel's ineffectiveness for failing to challenge a defective waiver colloquy.

In summary, Appellant's first argument relates in substance to Appellant's strategic mistake made during trial when discussing points for charge, and not to the trial court's handling of the waiver-of-counsel colloquy. Appellant failed to lodge a timely objection to the points for charge before the jury retired. Direct appeal counsel could not have addressed this issue and therefore the assertion of counsel's ineffectiveness lacks arguable merit.

Next, Appellant argues that PCRA counsel was ineffective for failing to amend his petition. In his November 9, 2020 response to the PCRA court's notice of intent to dismiss his petition, Appellant claimed PCRA counsel was ineffective for failing to amend his petition to challenge Appellant's conviction on Double Jeopardy grounds under the Fifth Amendment to the United States Constitution. Appellant's *Pro Se* Response to the PCRA Court's Notice of Intent to Dismiss, 11/9/20, at 7-8. Appellant's *pro se* brief on appeal does not reference the Double Jeopardy issue. Rather, the brief contains a single paragraph arguing for the first time on appeal that PCRA counsel was ineffective for failing to amend Appellant's petition to address direct appeal counsel's handling of the waiver-of-counsel colloquy. Appellant's *Pro Se* Brief, at 15. Claims of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); **Commonwealth v. Henkel**, 90 A.3d 16, 29-30 (Pa. Super. 2014) (*en banc*). In any event, we have addressed and dismissed the substance of this argument in detail above.

Finally, Appellant argues the PCRA court erred in denying Appellant's motion to amend his petition. A PCRA petitioner must inform the PCRA court of his desire to add claims through an amended petition, and the PCRA court shall freely allow amendment "to achieve substantial justice." Pa.R.Crim.P. 905(A); *Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015). The purpose of Rule 905(A) is to prevent PCRA petitioners from losing the opportunity for review of their claims due to correctable defects in the pleadings. *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003). Appellant claims, in a single paragraph of argument, that he failed to present meritorious issues correctly in his *pro se* petition, and that PCRA counsel "failed to argue the issue correctly." Appellant's *Pro Se* Brief at 16. Appellant therefore claims he should have been allowed to amend his petition to argue his issues correctly. Appellant fails to cite any law in support of this argument, in violation of Pa.R.A.P. 2119(b), and he fails to identify any meritorious issues he could have raised in an amended petition. Both defects preclude appellate review and therefore, we cannot grant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/09/2021